UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN MCCOTTRELL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-cv-1557 |
| WARDEN CAMERON WATSON, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Motion to Dismiss Habeas Corpus Petition as Untimely filed by Respondent Cameron Watson. (Doc. 5). For the reasons stated below, the motion is GRANTED.

### BACKGROUND

In 2009, Petitioner John McCottrell was convicted of armed robbery with a dangerous weapon and aggravated battery, in violation of Illinois law, in the Tenth Judicial Circuit Court, Peoria County, Illinois. *The State of Illinois v. John Earl McCottrell*, 08-cf-00102-1; *see People v. McCottrell*, 2017 IL App (3d) 140477-U (unpub.), *appeal denied*, No. 122281, 2017 WL 4386390 (Ill. Sept. 27, 2017). On November 15, 2010, the Illinois Appellate Court affirmed McCottrell's convictions and modified his sentence. *Id.* at ¶ 23. Petitioner did not seek further review with the Illinois Supreme Court. (Doc. 1 at 2).

On February 26, 2014, McCottrell filed a petition for post-conviction relief with the state trial court alleging that (1) trial counsel was ineffective for failing to object to his arrest on Fourth Amendment grounds and for failing to sufficiently argue

reasonable doubt, (2) the trial court erred in failing to conduct a hearing regarding his fitness to stand trial, and (3) appellate counsel was ineffective for failing to raise the issues on direct appeal. The trial court dismissed all arguments as frivolous and patently without merit. *McCottrell*, 2017 IL App (3d) 140477-U.

McCottrell appealed, arguing that the trial court erred in denying his petition at the first stage of postconviction proceedings.[1] *Id*. He also claimed that the trial court and the circuit clerk improperly assessed various fines and fees against him. *Id*. On March 14, 2017, the Illinois Appellate Court addressed the merits of McCottrell's post-conviction claims and affirmed the trial court's summary dismissal, as modified. *Id*. On September 27, 2017, the Illinois Supreme Court denied McCottrell's petition for leave to appeal. *People v. McCottrell*, No. 122281, 2017 WL 4386390, at *1 (Ill. Sept. 27, 2017).

On December 7, 2017, McCottrell filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 raising ten grounds for relief. (Doc. 1). On January 2, 2018, the Respondent filed a Motion to Dismiss McCottrell's petition as untimely. (Doc. 5). After being granted four extensions of time to file a response, Petitioner filed a response on March 28, 2018, asking this Court to equitably toll the statute of limitations. (Doc. 11). As will be discussed below, there is no basis to equitably toll

---

[1] Illinois' Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, provides for a three step process in which petitions for post-conviction relief are adjudicated. "The first step requires the trial court to consider the petition to determine whether it is frivolous or patently without merit. If it is, the petition is dismissed." *People v. Hernandez*, 669 N.E.2d 1326, 1329 (1996); 725 ILCS 5/122-2.1(a)(2) (West 1998). At this first stage of the process, the court evaluates the petition without further input from the petitioner or any participation by the State. *People v. Oury*, 631 N.E.2d 822, 825 (1994). In its opinion, the state trial court stated that, "Under applicable case law, the court may not dismiss a petition during the First Stage as untimely." (Doc. 1 at 24-25); *State of Illinois v. John McCottrell*, 08-CF-102 (10th Jud. Cir. Ct., May 6, 2014). The trial court dismissed McCottrell's petition at the first stage as frivolous and patently without merit.

2

the statute of limitations in this case, and McCottrell's petition is dismissed as untimely.

## DISCUSSION

District courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution or laws or treaties of the United States. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." § 2244(d)(1). The one-year limitations period begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Illinois Supreme Court Rule 315(b) provides 35 days from the entry of the appellate court judgment for filing a petition for leave to appeal to the Illinois Supreme Court. ILL S.CT. R. 315(b); *see Heilman v. Hardy*, 849 F.Supp.2d 796, 799 (C.D. Ill. 2012). The Illinois Appellate Court affirmed McCottrell's sentence on November 15, 2010, and Petitioner did not seek further review in the Illinois Supreme Court. (Doc. 1 at 2). Thus, the judgment in McCottrell's case became final on December 20, 2010, when the time for seeking review in the Illinois Supreme Court expired. McCottrell's one year-period of limitations for filing a § 2254 petition therefore lapsed on December 20, 2011—long before McCottrell filed the instant petition.

Section 2254 petitions are subject to certain tolling provisions, one of which

3

might appear to be applicable in this case: "A properly filed petition for postconviction relief in state court tolls the one-year statute of limitations for filing a § 2254 petition." *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (citing § 2254(d)(2)). "A collateral attack filed in state court is not 'properly filed' if it is untimely under state law, unless the state court decides not to enforce its timeliness rules." *Johnson v. Chandler*, 225 F.App'x 515, 517 (7th Cir. 2007) (citing *Brooks v. Walls*, 279 F.3d 518, 520-21 (7th Cir. 2002)). In other words, "if the state decides not to enforce its timeliness rules, and considers on the merits a petition that could have been dismissed as untimely, then we treat that petition as 'properly filed' for purposes of § 2244(d)(2)." *Brooks*, 279 F.3d at 521.

The Court observes that McCottrell's state court petition for post-conviction relief was untimely under Illinois law. *See* 725 ILL. COMP. STAT. ANN. 5/122-1 (prescribing a 6-month limitations period for post-conviction petitions in noncapital cases from the date for filing a petition for writ of certiorari with the United States Supreme Court "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."); *see People v. Green*, 2011 IL App (1st) 093097-U, ¶ 26 (Ill. App. 1st Dist. 2011). Nevertheless, the state courts dismissed McCottrell's petition for post-conviction relief on the merits.

However, even if McCottrell's state court petition for post-conviction relief was "properly filed" for purposes of § 2244(d)(2), there is still one problem: the one-year limitations period under § 2244(d) expired long before McCottrell filed his state court petition for post-conviction relief. In other words, there was no time left to toll. As previously stated, McCottrell's conviction and sentence became final on December 20,

4

2010, so the statute of limitations for filing his § 2254 petition ran out on December 20, 2011. McCottrell had no application for collateral review pending in state court between December 20, 2010 and December 20, 2011, so the federal limitations period lapsed unabated. As such, his current § 2254 petition is nearly six years too late. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) ("[T]he time under § 2244(d)(1)(A) had expired long before Teas filed his federal petition—and, because no application for collateral review was "pending" in state court between January 2002 and March 2005, the tolling rule of § 2244(d)(2) does not make the federal petition timely."); *Nichols v. IDOC Dir.,* No. 16-CV-01101-DRH, 2017 WL 59086, at *3 (S.D. Ill. Jan. 4, 2017) (state court petitions for post-conviction relief were "irrelevant for tolling purposes because they were filed after the one-year statute of limitations for filing . . . § 2254 petition[s] had already expired."); *Dunn v. Pfister*, No. 15 C 4508, 2016 WL 1128381, at *2 (N.D. Ill. Mar. 23, 2016) (collateral relief filed with Illinois state court was "irrelevant for tolling purposes" because petitioner "filed the state habeas petition after the one-year statute of limitations for filing his § 2254 petition had already expired.").

Because there is no time left to toll, McCottrell's contention that his federal statute of limitations should be equitably tolled is inapposite. But even if equitable tolling *could* apply to this case, it would not save McCottrell's otherwise untimely petition. The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (internal quotation marks omitted).

5

McCottrell states that he simply "didn't understand" the statute of limitations process applied to post-conviction relief. (Doc. 11 at 1). Lack of familiarity with the law does not constitute extraordinary circumstances necessary to invoke equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). "Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017), *cert. denied*, No. 17-998, 2018 WL 466596 (U.S. Feb. 20, 2018)) (internal quotations omitted).

McCottrell also states that he has a low IQ and that "at the time that his appeal was denied [he] was also being treated for schizoaffective disorder, and [was] highly medicated for his condition." (Doc. 11 at 2). McCottrell does not explain how his mental illness and low IQ accounted for the three years that lapsed between the finality of his conviction and the time McCottrell filed his post-conviction petition in state court. *See Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (internal citation omitted). Petitioner merely states that his mental illness and low intelligence "limited his daily activities." *Id.* Furthermore, while McCottrell may suffer from mental illness and low IQ, he was never declared mentally incompetent by the state courts. *See, e.g.*, *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) (discussing when mental incompetence permits tolling, but noting that "[i]t is improper to leap from one IQ test to a conclusion that a particular

6

person is unable to understand and protect his own legal interests.").

In any event, the Court does not credit McCottrell's claims that he was too incompetent to file timely remedies for post-conviction relief in state court. Such claims are inconsistent with McCottrell's initial statements that he simply did not know about the statute of limitations until he spoke to another inmate who informed him that he needed to file a post-conviction petition. (Doc. 11 at 1). Additionally, more than two years passed between § 2254's deadline and the time McCottrell filed his petition for post-conviction relief in state court. These facts strongly negate any suggestion that McCottrell diligently pursued his rights. *See Obriecht*, 727 F.3d at 750-51 (petitioner failed to demonstrate he was diligently pursuing his claims during the more than two years between his AEDPA deadline and the time he filed his petition in state court where he offered only conclusory allegations that he suffered from mental health problems). Even assuming equitable tolling applies here, the Court finds no basis to equitably toll the statute of limitations and McCottrell's § 2254 petition is dismissed.

Because the Court dismisses McCottrell's petition as untimely, his Motions to Request Counsel (Docs. 3, 8) are denied. Rule 8(c) of the Rules Governing Section 2254 Proceedings for the United States District Courts requires a district court to appoint counsel if an evidentiary hearing is warranted on a § 2254 petition. No hearing was warranted in this case. Courts also have discretion to appoint counsel under 18 U.S.C. § 3006(a)(2)(B), which provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking

7

relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Because McCottrell's motion is clearly time-barred, the interests of justice do not warrant the provision of an attorney.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "[A] habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ with the Court's treatment of Petitioner's § 2254 petition. McCottrell's petition is clearly time-barred. Therefore, the Court declines to certify any issues for appeal.

### CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss (Doc. 5) is GRANTED. McCottrell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED as untimely. McCottrell's

Motions to Request Counsel (Docs. 3, 8) are DENIED. The Court declines to certify any issues for appeal.

CASE TERMINATED.

Entered this 4th day of April, 2018.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
